Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorneys for Plaintiff
Jose Plaza

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Jose Plaza<br><br>Plaintiff,<br><br>v.<br><br>Vive Financial, LLC<br><br>Defendant. | CASE NO. 2:26-cv-00007<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Telephone Consumer Protection Act<br>3. Intrusion Upon Seclusion |

COMES NOW Plaintiff Jose Plaza (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant Vive Financial, LLC's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment

when making calls to consumers, and intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts.

2. Plaintiff brings this action against Defendant Vive Financial, LLC (hereinafter "Defendant," "Vive") for its abusive and outrageous conduct in connection with debt collection activity, as Defendant contacted Plaintiff after receiving notice of attorney representation sent through certified mail.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public's confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

**JURISDICTION & VENUE**

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

7. This venue is proper pursuant to 28 U.S.C. §1391(b).

8. The Plaintiff is an individual and resides in Los Angeles County, California.

9. Defendant Vive is a lender that does business throughout the United States, including the State of California.

## GENERAL ALLEGATIONS

10. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

11. At all relevant times herein, Defendant Vive was engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

12. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

13. Plaintiff opened a credit card account issued by Defendant.

14. The credit card account extended to Plaintiff was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

15. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

16. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

17. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the

California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

18. Plaintiff's account was an unsecured credit account and Plaintiff began making payments on the account soon after opening the account and making purchases/charges.

19. Plaintiff eventually became financially unable to continue making payments on the account.

20. Defendant began contacting Plaintiff to inquire about the status of the account and to collect payment.

21. Plaintiff subsequently retained counsel to assist in dealing with Defendant's account and to seek some type of financial relief.

22. Counsel for Plaintiff sent Defendant a certified letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

23. The contents of the letter also informed Defendant that Plaintiff was withdrawing consent to be contacted on his cellular telephone.

24. Plaintiff's notice was sent to Defendant on December 18, 2024 via certified mail.

25. Defendant continued to call and otherwise contact Plaintiff after the December 18, 2024 certified notice of representation and revocation of consent was received by Vive.

26. Defendant continued to call Plaintiff multiple times per day.

27. Defendant would use a pre-recorded voice when calling Defendant.

28. Defendant would leave pre-recorded messages on Plaintiff's cellular telephone.

29. Plaintiff also received various collection text messages and payment demands from Defendant.

30. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

31. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

**FIRST CAUSE OF ACTION**

(Violation of the Rosenthal Act)

(Cal. Civ. Code §§ 1788-1788.32)

(Against Defendant)

32. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

33. Plaintiff provided written notice that he was represented by an attorney by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

34. The contact information of Plaintiff's counsel was provided in the notices that were sent to Defendant.

35. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

36. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

37. Plaintiff continued to be contacted after Defendant received Plaintiff's letter of representation.

38. The notice that Plaintiff sent to Defendant included the name of Plaintiff's attorney, the address of Plaintiff's attorney, and the phone number of Plaintiff's attorney.

39. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

**SECOND CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

40. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

41. Defendant harassed Plaintiff repeatedly by frequently calling Plaintiff in an effort to collect on Defendant's debt.

42. Plaintiff was contacted multiple times per day by Defendant.

43. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

44. Defendant violated Cal. Civ. Code §1788.11(d) by contacting Plaintiff repeatedly in a deliberate attempt to annoy Plaintiff.

**THIRD CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

45. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

46. Defendant harassed Plaintiff repeatedly by frequently calling Plaintiff in an effort to collect on Defendant's debt.

47. Plaintiff was contacted multiple times per day by Defendant.

48. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

49. Defendant violated Cal. Civ. Code §1788.11(e) by contacting Plaintiff repeatedly in a deliberate attempt to annoy Plaintiff.

**FOURTH CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

56. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

57. Plaintiff was contacted multiple times per day by Defendant.

58. Defendant knew that Plaintiff was represented by an attorney as it received certified notice stating as much.

59. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after Defendant knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**FIFTH CAUSE OF ACTION**
(Intrusion Upon Seclusion)
(Against Defendant)

60.Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

61.The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

62. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and

invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

63. Vive intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

64. Vive intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

65. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

66. These intrusions and invasions against Plaintiff by Vive occurred in a way that would be highly offensive to a reasonable person in that position.

67. Vive received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

68. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at hearing from Vive.

**Cal. Civ. Code § 3294**

69. Vive also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at hearing.

70. Vive had actual knowledge that it continued to violate both state and federal collection laws as it received notice regarding representation of Plaintiff by an attorney.

71. These calls were made with knowledge that Plaintiff was represented by counsel and could not communicate directly with Plaintiff, let alone using an automated telephone dialing system.

72. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

73. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, Defendant's illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving an overwhelming amount of pre-recorded calls and collection text messages.

74. The sheer volume of calls and related contact was intentionally designed to exhaust Plaintiff into paying Defendant.

75.Vive also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**SIXTH CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant)

76.Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

77.Defendant was informed that Plaintiff revoked his consent to be contacted by Defendant in December of 2024.

78.Defendant called Plaintiff repeatedly since Plaintiff withdrew his consent to be contacted by an artificial voice/pre-recorded message on his cellular telephone.

79.Defendant ignored the notice, sent through certified mail, and continued to contact Plaintiff on his cellular telephone.

80.The certified notice was unequivocal in its language regarding attorney representation and revocation of consent.

81. Consequently, Defendant had "actual" knowledge of its violation of the TCPA.

82. Alternatively, Defendant should have known its conduct violated the TCPA.

83. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

84. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

85. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

86. Defendant contacted Plaintiff multiple times after he revoked his consent to be contacted on his cellular telephone and informed Vive he was represented by counsel.

87. Defendant Plaintiff was still contacted multiple times each day on his cellular telephone despite receiving notice of Plaintiff's revocation of consent.

88. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

89. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by pre-recorded messages or an artificial voice in December of 2024.

90. The calls placed by Defendant were willful and made despite having knowledge that Plaintiff revoked his consent to be contacted by Defendant on her cellular telephone.

91. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at hearing, which are cumulative and

in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

c. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

d. An award of statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.17, which incorporates 15 U.S.C. § 1692k

e. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c) and 15 U.S.C. § 1692k.

f. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

g. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Gale, Angelo, Johnson, P.C.

Dated: January 2, 2026

By: */s/ Joe Angelo*
Joe Angelo
Attorney for Plaintiff